IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ANTONIO M. SMITH,
        Petitioner,

v.                                                   Civil Action No. 3:22cv274 (DJN)

MR. LEU,
        Respondent.

## MEMORANDUM OPINION

Antonio M. Smith, a former federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 4.)[1] Smith raises the following grounds for relief:[2]

Claim One:    "I was denied my right to due process. My halfway house was taken before I had a chance to be heard by the [Disciplinary Hearings Officer ("DHO")] and even after the incident was expunged my halfway house date of 5-16-22 was not returned to me." (*Id.* at 6–7.)

Claim Two:    "I was never resubmitted for halfway house in violation of 18 U.S.C. § 3624(c)(1). My halfway house should never have been taken and I am entitled to up to a year of halfway house." (*Id.* at 7.)

Claim Three:    "I should have been notified before my halfway house was taken. According to policy, I should have been notified before my halfway house was taken, but that never happened. In fact, I was told that no sanctions

---

[1] The statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless —
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

[2] The Court employs the pagination assigned by the CM/ECF docketing system for citations to the record. The Court corrects the punctuation in quotations from Smith's submissions.

would be placed against me until the outcome of the DHO hearing."
(*Id.*)

The Government has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) arguing that Smith's claims are moot. (ECF No. 17.) Despite the provision of notice pursuant to *Roseboro*,[3] Smith has not filed a response.[4] For the reasons set forth below, the Motion to Dismiss will be GRANTED and the § 2241 Petition will be DISMISSED, because Smith's claims are moot.

## I. STANDARD OF REVIEW

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to state a claim upon which subject matter jurisdiction can lie. *Id.* (citing *Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (discussing challenges "to the factual basis for subject matter jurisdiction"); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*,

---

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[4] According to Respondent, Smith was released from Bureau of Prisons ("BOP") custody on July 5, 2022, pursuant to the First Step Act. (ECF No. 18, at 1–2.) Although Smith updated his address with the Court on July 6, 2022, and subsequently paid the $5.00 filing fee, from that point on, Smith did not file a response to the Motion to Dismiss and has not contacted the Court.

697 F.2d at 1219 (noting that the second way to challenge jurisdiction under 12(b)(1) is to argue "that the jurisdictional allegations" are "not true"). In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

## II. FACTUAL BACKGROUND

On October 6, 2020, Smith was convicted in this Court of possession of a firearm by a convicted felon and was sentenced to forty-eight months of incarceration. *See United States v. Smith*, No. 3:20cr14 (E.D. Va. Oct. 6, 2020), ECF No. 43. On July 5, 2022, Smith was released from incarceration pursuant to the First Step Act. (ECF No. 18-1, at 2–3.) At that time, Smith began serving his three-year term of supervised release. (*Id.* at 3.)

## III. SMITH'S CLAIMS ARE MOOT

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

*Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[] [is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Although Smith listed three claims in his § 2241 Petition, all three argue that Respondent improperly delayed his release date to a halfway house. (ECF No. 4, at 6–7.) As relief, Smith asks for his "halfway house returned to [him] and [that he] be released to [his] designated halfway house immediately." (*Id.* at 8.) However, Smith was released from incarceration on July 5, 2022, and Respondent can no longer provide the requested relief. Thus, the completion of his sentence renders Smith's claim challenging the delay in his release to a halfway house during that sentence moot. *See United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (citation omitted) (explaining that "[a] case becomes moot only when it is *impossible* for a court to grant *any* effectual relief whatever"); *cf. Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (holding that a challenge to incarceration for a parole revocation becomes moot upon completion of revoked term of imprisonment). Accordingly, Smith's claims and the action will be DISMISSED as MOOT.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss, (ECF No. 17), will be GRANTED. Smith's § 2241 Petition, (ECF No. 4), will be DENIED. The action will be DISMISSED.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Plaintiff.

An appropriate Final Order shall issue.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: May 22, 2023

4